IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Shunequa Smalls, | ) | Civil Action No.: 9:12-cv-01784-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Carolyn W. Colvin, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Bristow Marchant.[1] Plaintiff Shunequa Smalls brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security ("the Commissioner") denying Plaintiff's claims for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act ("the Act"). In his R&R, the Magistrate Judge recommends affirming the decision of the Commissioner.

**FACTUAL FINDINGS AND PROCEDURAL HISTORY**

Plaintiff applied for disability insurance benefits and supplemental security income benefits on April 2, 2009, alleging that she became disabled on September 15, 2008. The application was denied initially and on reconsideration. Plaintiff requested a hearing before the Administrative Law Judge ("ALJ"). That hearing was held on March 14, 2011, and Plaintiff appeared and testified. At the hearing, Plaintiff amended her alleged disability onset date to March 31, 2009. A vocational

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to the Magistrate Judge.

expert also testified.  The ALJ issued a decision dated March 24, 2011, finding that Plaintiff was not disabled.  The ALJ's overall findings were as follows:

> 1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2010.
>
> 2. The claimant has not engaged in substantial gainful activity since March 31, 2009, the amended alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> . . .
>
> 3. The claimant has the following severe impairments: diabetes, diabetic neuropathy, myofascial pain syndrome, back disorder, and obesity (20 CFR 404.1520(c) and 416.920(c)).
>
> . . .
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> . . .
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b).  Specifically, the claimant is able to lift and carry up to 20 pounds occasionally and 10 pounds frequently, sit for 6 hours in an 8-hour day, and stand and walk for 4 hours in an 8-hour day.  The claimant can occasionally climb.
>
> . . .
>
> 6. The claimant is capable of performing past relevant work as a cashier, customer service clerk, and hostess.  This work does not require the performance of work related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).
>
> . . .

> 7. The claimant has not been under a disability, as defined in the Social Security Act, from March 31, 2009, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

Tr. 29–34.

The Appeals Council granted Plaintiff's request for a review of the ALJ's decision. On April 17, 2012, the Appeals Council modified the decision of the ALJ, listing several findings, which, along with the ALJ's decision, became the final decision of the Commissioner. Those findings are as follows:

> 1. The claimant met the special earnings requirements of the Act on March 31, 2009, the date the claimant stated she became unable to work and met them through June 30, 2010.
>
> The claimant has not engaged in substantial gainful activity since March 31, 2009.
>
> 2. The claimant has the following severe impairments: diabetes, diabetic neuropathy, myofascial pain syndrome, back disorder, and obesity, but does not have an impairment or combination of impairments which is listed in, or which is medically equal to an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1.
>
> 3. The claimant's combination of impairments results in the following limitations on her ability to perform work-related activities, such that the claimant retains the ability to perform light work as defined in 20 CFR 404. 1567(b) and 416.967(b). Specifically, the claimant can lift and carry up to 20 pounds occasionally and 10 pounds frequently, sit for 6 hours in an 8-hour day, and stand and walk for 6 hours in an 8-hour day. She can occasionally climb.
>
> 4. The claimant's subjective complaints are not fully credible for the reasons identified in the body of the hearing decision.
>
> 5. The limitations on the claimant's ability to perform work-related activities as set forth in Finding 3 do not preclude the performance of past relevant work as a cashier. Therefore, the claimant's combination of impairments does not preclude the performance of past relevant work (20 CFR 404.1520(e) and 416.920(e)).
>
> 6. The claimant is not disabled as defined in the Social Security Act at any time through March 24, 2011.

Tr. 10–11.

On June 28, 2012, Plaintiff filed this action seeking judicial review of the Commissioner's decision. Compl., ECF No. 1.  Both Plaintiff and the Commissioner filed briefs, ECF Nos. 19, 21, 25, and the Magistrate Judge issued his Report and Recommendation ("R&R") on May, 10, 2013, recommending that the Commissioner's decision be affirmed, R&R, ECF No. 28.  Plaintiff filed timely objections to the R&R on May 28, 2013, Pl.'s Objs., ECF No. 29, and the Commissioner replied on June 11, 2013, Def.'s Reply, ECF No. 32.

## STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Act is a limited one.  The Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964).  "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citations omitted).

This statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299, 302 (4th Cir. 1968).  The Court "must uphold the factual findings of the [Commissioner] if they are supported by substantial evidence and were reached through application of the correct legal standard." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1973) (holding that the Court must uphold the decision supported by substantial evidence "even should [it] disagree").  "From this it does not follow, however, that the findings of the

4

administrative agency are to be mechanically accepted." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assume that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

Furthermore, a *de novo* review is conducted of the Magistrate Judge's R&R. 28 U.S.C. § 636(b)(1). The R&R is only a recommendation to the Court and has no presumptive weight; indeed, the responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. § 636(b)(1).

The right to *de novo* review, however, may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). In that event, however, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## APPLICABLE LAW

Under the Act, Plaintiff's eligibility for the benefits she is seeking hinges on whether she is under a "disability." 42 U.S.C. § 423(a). The term "disability" is defined as the "inability to engage

in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." *Id.* § 423(d)(1)(A). "The ultimate burden to prove disability lies on the claimant." *Preston v. Heckler*, 769 F.2d 988, 991 n.* (4th Cir. 1985). A claimant may establish a *prima facie* case of disability based solely upon medical evidence by demonstrating that her impairments meet or equal the medical criteria set forth in Appendix 1 of Subpart P. 20 C.F.R. §§ 404.1520(d) & 416.920(d).

If such a showing is not possible, a claimant may also establish a *prima facie* case of disability by proving that she could not perform her customary occupation as the result of physical or mental impairments. *See Taylor v. Weinberger*, 512 F.2d 664 (4th Cir. 1975). Because this approach is premised on the claimant's inability to resolve the question solely on medical considerations, it then becomes necessary to consider the medical evidence in conjunction with certain vocational factors. 20 C.F.R. §§ 404.1560(a) & § 416.960(a). These factors include the claimant's (1) "residual functional capacity," *id.* §§ 404.1560(a) & 416.960(a); (2) age, *id.* §§ 404.1563 & 416.963; (3) education, *id.* §§ 404.1564 & 416.964; (4) work experience, *id.* §§ 404.1565 & 416.965; and (5) the existence of work "in significant numbers in the national economy" that the individual can perform, *id.* §§ 404.1566 & 416.966. If the assessment of the claimant's residual functional capacity leads to the conclusion that she can no longer perform her previous work, it must be determined whether the claimant can do some other type of work, taking into account remaining vocational factors. *Id.* §§ 404.1560(c)(1) & 416.960(c)(1). The interrelation between these vocational factors is governed by Appendix 2 of Subpart P. Thus, according to the sequence of evaluation suggested by 20 C.F.R. §§ 404.1520 & 416.920, it must be determined: (1) whether the claimant is currently gainfully employed, (2) whether she suffers from some physical or

mental impairment, (3) whether that impairment meets or equals the criteria of Appendix 1, (4) whether, if those criteria are not met, the impairment prevents her from returning to her previous work, and (5) whether the impairment prevents her from performing some other available work.

### ANALYSIS

The Magistrate Judge recommends affirming the decision of the Commissioner, concluding that the ALJ and the Appeals Council committed no reversible legal error and that substantial evidence supports the decision. Specifically, the Magistrate Judge first concludes that the Appeals Council did not err in partially modifying the ALJ's finding regarding Plaintiff's residual functional capacity. Second, the Magistrate Judge found that the remaining parts of the ALJ's residual functional capacity assessment adopted by the Appeals Council were proper. Finally, the Magistrate Judge recommends that the ALJ's assessment of Plaintiff's severe impairments were supported by substantial evidence. R&R 14–21. Plaintiff raises objections to each of the Magistrate Judge's recommendations. Her objections largely rehash the arguments that she raised in her brief and that were addressed by the Magistrate Judge. However, in light of her objections, the Court must conduct a *de novo* review of the Magistrate Judge's R&R. And, after such a review, the Court finds the Magistrate Judge's recommendations to be proper.

First, the Court agrees with the Magistrate Judge's conclusion that substantial evidence supports the ALJ's finding that Plaintiff's headaches were non-severe. In her objections, Plaintiff cites her reply brief, in which she argued that her she was limited more by her headaches than by her diabetes. Pl.'s Objs. 4. She also points out that there was no discussion, at any level, of evidence in the record showing that Plaintiff had made "four visits in one year to the emergency room due to migraine headaches." *Id.* (citing Tr. 422–23, 426–30, 433–34). However, at step two, the ALJ cited medical evidence that Plaintiff's "[n]eurological examinations were unremarkable."

7

Tr. 30. Moreover, the ALJ found that Plaintiff was controlling her migraines with medication. Therefore, the Court agrees that substantial evidence supports the ALJ's finding at step two that Plaintiff's headaches were not sufficiently severe. Regardless, the ALJ proceeded past step two and continued the sequential evaluation. Accordingly—even if the ALJ erred in not *listing* Plaintiff's headaches as severe—any error committed at step two is harmless as the ALJ later considered her headaches in assessing her overall residual functional capacity. Tr. 31; *see, e.g.*, *Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008) ("Nevertheless, any error here became harmless when the ALJ reached the proper conclusion that [claimant] could not be denied benefits conclusively at step two and proceeded to the next step of the evaluation sequence.").

Second, the Court finds the Appeals Council's modification of the ALJ's finding that Plaintiff can stand and walk for six hours in an eight-hour workday is supported by substantial evidence. Plaintiff argues that the Appeals Council "provided only the most cursory analysis to explain their rationale" and that the Commissioner's rationale before this Court is post hoc. Pl.'s Objs. 2. The Appeals Council, however, did explain a basis for its modification, noting that the ALJ's finding regarding the specific limitation was "inconsistent with the 'great weight' assigned to the state agency medical consultant's assessment that the claimant can stand and or walk about 6 hours per day." Tr. 10 (citing Tr. 404, 472). The record is clear that the Appeals Council relied on the "great weight" the ALJ assigned to the opinion of Dr. Jean Smolka, an agency expert. *See* Tr. 33. Furthermore, the ALJ does not indicate in his decision why he discounted the agency experts' opinions to find specifically that Plaintiff can only stand and walk *four* hours in a workday. Thus, contrary to Plaintiff's argument raised in her brief and objections, the Appeals Council's

modification is more consistent with the evidence in the record than the ALJ's initial finding.[2] Thus, it is the Court's opinion that the modification is supported by substantial evidence.

Finally, the Court finds the ALJ's residual functional capacity assessment (including the amended finding by the Appeals Council) to be in compliance with the Social Security Administration's regulations and rulings and supported by substantial evidence. Plaintiff's objection is that "the ALJ's decision does not adequately explain how he arrived at the specific restrictions indicated in the [residual functional capacity]." Pl.'s Objs. 3. Plaintiff points out, as examples, several symptoms that are inconsistent with the ALJ's residual functional capacity finding, as well as several "significant findings" that the ALJ failed to include in light of other evidence in the record. *Id.* at 3–4. Plaintiff's residual functional capacity included light work,[3] as well as the ability to lift and carry twenty pounds occasionally and ten pounds frequently, the ability to sit and to stand and walk for six hours in a workday, and the ability to occasionally climb. Tr. 11,

---

[2] The Court questions the significance of the Appeals Council's modification (and Plaintiff's challenge of it) as it did not alter the ALJ's later finding that Plaintiff could perform her past relevant work as a cashier, customer service clerk, and hostess. Perhaps Plaintiff intended to challenge the finding that she could perform her past relevant work (that intention is suggested by Plaintiff's statement of the issues on appeal, *see* Pl.'s Br. 17). Plaintiff, however, never again addressed the issue in her brief or in her objections. Thus, to the extent Plaintiff makes the argument, it is abandoned, and the Court need not address it.

[3] Light work is defined by federal regulations as the following:

> Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b) & 416.967(b).

30.    Plaintiff's cherry-picking of the evidence, however, ignores the fact that several medical experts gave opinions that support the Appeals Council's findings regarding Plaintiff's residual functional capacity.  As noted above, the ALJ and the Appeals Council gave Dr. Smolka's opinion great weight.  Moreover, the ALJ found noted that Plaintiff's "treating physicians have not provided any specific work related limitations," Tr. 33, and now Plaintiff still cannot point the Court to opinion evidence to the contrary. The Court, thus, is satisfied that the ALJ and the Appeals Council adequately assessed the medical evidence and Plaintiff's credibility in determining her residual functional capacity.

## CONCLUSION

The Court has thoroughly reviewed the entire record, including the transcript, the briefs, the Magistrate Judge's R&R, Plaintiff's objections to the R&R, and applicable law.  For the reasons set forth above and by the Magistrate Judge, the Court hereby adopts and incorporates by reference the R&R of the Magistrate Judge.  The Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell<br>
R. Bryan Harwell<br>
United States District Judge

September 26, 2013<br>
Florence, South Carolina